___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:26-cv-00465-FWS-SSC     Date: February 5, 2026
Title: Rajat Rajat v. Warden of the Desert View Facility *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Petitioner:                Attorneys Present for Respondents:

Not Present                                                        Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN SUBSTANTIAL PART PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER [3]**

Petitioner Rajat Rajat brings this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 against Respondent Warden of the Desert View Facility; Respondent Todd Lyons, Acting Director of United States Immigration and Customs Enforcement ("ICE"); Respondent Kristi Noem, Secretary of the United States Department of Homeland Security ("DHS"); and Respondent Pamela Bondi, Attorney General of the United States (collectively, "Respondents"). (Dkt. 1 ("Pet.").) Before the court is Petitioner's Motion for Temporary Restraining Order. (Dkt. 3 ("Motion" or "Mot.").) Petitioner seeks an emergency temporary restraining order ("TRO") "to halt Respondents' ongoing and unlawful detention without access to release on bond." (*Id.* at 2.) Respondents filed a response to the Motion. (Dkt. 8 ("Resp.").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the record, as applied to the applicable law, the Motion is **GRANTED IN SUBSTANTIAL PART.**

I.     Background

Petitioner alleges the following. Petitioner is a "citizen of India who entered the United States on February 13, 2023, without inspection." (Pet. ¶ 1.) Shortly after Petitioner's entry, he

___

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00465-FWS-SSC                                Date: February 5, 2026
Title: Rajat Rajat v. Warden of the Desert View Facility *et al.*

---

was detained by the DHS and later released on an order of recognizance ("ROR"). (*Id.* ¶¶ 1, 15.) As a condition of Petitioner's release, he was placed on Alternatives to Detention monitoring and required to regularly report to ICE. (*Id.* ¶ 2.) "On January 20, 2024, DHS served Petitioner with a Notice to Appear [], charging him as removable under [the Immigration and Nationality Act ("INA")] § 212(a)(6)(A)(i) as a noncitizen present in the United States without being admitted or paroled. Petitioner remains in pre-final order removal proceedings." (*Id.* ¶ 16.) "From the date of his release through January 20, 2026, Petitioner complied perfectly with all conditions imposed by DHS." (*Id.* ¶ 2.)

"A recent DHS policy . . . considers anyone arrested within the United States and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) to be an 'applicant for admission' under 8 U.S.C. § 1225(b)(2)(A)." *Mosqueda v. Noem*, 2025 WL 2591530, at *1 (C.D. Cal. Sept. 8, 2025). "Pursuant to section 1225(b)(2)(A) 'applicants for admission' who are 'seeking admission' are subject to mandatory detention." *Id.* "Prior to the new policy, foreign nationals, like [Petitioner], who were charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled were considered detained pursuant to 8 U.S.C. § 1226(a), which allows for release on bond or conditional parole." *Id.*

On January 20, 2026, "Petitioner was driving out of his apartment parking lot on his way to work when ICE agents followed him and conducted a traffic stop approximately one mile from his residence in order to effectuate the detention." (Pet. ¶ 4.) "ICE did not allege any violation of supervision conditions, did not provide advance notice, and did not conduct any individualized custody determination before depriving Petitioner of his liberty." (*Id.*) Following his re-detention, the DHS asserted "that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) and categorically ineligible for bond." (*Id.* ¶ 5.) "Petitioner remains detained and is being unlawfully deprived of release on bond, despite DHS's prior determination—reflected in his ROR and continued supervision—that he could safely remain at liberty while his removal proceedings were pending." (*Id.* ¶ 20.)

According to Petitioner, he "is detained pursuant to 8 U.S.C. § 1226(a) and is entitled to seek release on bond before an Immigration Judge." (*Id.* ¶ 5.) Petitioner alleges that his ongoing detention violates his due process rights and the INA. (*Id.* ¶¶ 28-38.)

---

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00465-FWS-SSC            Date: February 5, 2026
Title: Rajat Rajat v. Warden of the Desert View Facility *et al.*

## II. Legal Standard

The "opportunities for legitimate *ex parte* applications are extremely limited," *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013), and such applications are "rarely justified." *Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify *ex parte* relief, the moving party must establish: (1) that their cause of action will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that they are without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Id.* at 492-93.

A TRO may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The analysis for granting a TRO is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Either "is an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement to such relief." *See Am. Beverage Ass'n v. City & Cnty. of San Francisco*, 916 F.3d 749, 754 (9th Cir. 2019) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

A plaintiff seeking a TRO must demonstrate (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) that "the balance of equities tips in [their] favor"; and (4) that "an injunction is in the public interest." *Id.* (quoting *Winter*, 555 U.S. at 20). Courts in the Ninth Circuit "also employ an alternative serious questions standard, also known as the sliding scale variant of the *Winter* standard." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (citation modified). Under that approach, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:26-cv-00465-FWS-SSC | Date: February 5, 2026 |
| Title: Rajat Rajat v. Warden of the Desert View Facility *et al.* | |

A party seeking preliminary injunctive relief must make a "certain threshold showing" on "each [*Winter*] factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). "The most important among these factors is the likelihood of success on the merits." *Junior Sports Mags. Inc. v. Bonta*, 80 F.4th 1109, 1115 (9th Cir. 2023). "This is especially true for constitutional claims, as the remaining *Winter* factors typically favor enjoining laws thought to be unconstitutional." *Id.*

### III.   Analysis

The court finds Petitioner adequately demonstrates that *ex parte* relief is warranted. *See Mission Power*, 883 F. Supp. at 492-93. The court further finds Petitioner adequately demonstrates that he is entitled to a TRO under the *Winter* factors. First, the parties do not dispute that Petitioner was detained pursuant to the wrong statute. Petitioner alleges, in summary, that he was wrongfully detained under Section 1225(b) instead of Section 1226(a), which would have allowed him to seek release on bond or conditional parole. (Pet. ¶ 38.) Respondents do not contest Petitioner's allegations at this time. (Resp. at 2 ("At this time, Respondents do not have an opposition argument that they are able to present.").) Second, this court has previously ordered a bond hearing be held within 7 days under similar circumstances. *See, e.g.*, *Ana Maria Gaviria Lora v. Warden of GEO Grp., Inc. et al.*, 2026 WL 127608, at *4 (C.D. Cal. Jan. 9, 2026) (Slaughter, J.); *Engonga v. Noem*, 2025 WL 3764077, at *3-4 (C.D. Cal. Dec. 23, 2025) (Slaughter, J.); *Ajqui v. Noem*, 2025 WL 4058281, at *6 (C.D. Cal. Nov. 10, 2025) (Slaughter, J.). Because the parties do not dispute that Petitioner was wrongfully detained under Section 1225(b) instead of Section 1226(a) and the court has previously ordered a bond hearing under similar circumstances, the court finds Petitioner adequately demonstrates that he is entitled to a bond hearing within 7 days.

However, the court observes that here, Petitioner seeks an order immediately releasing Petitioner from immigration detention. (Dkt. 3-1 (Proposed Order); *see also* Pet. at 9 (asking the court to order the immediate release of Petitioner form ICE custody).) Petitioner argues, in part, that "ICE's sudden re-detention—untethered to any changed circumstances—constitutes an abuse of discretion and a due process violation that cannot be remedied retroactively through a custody hearing held only after liberty has already been taken." (Mot. at 8.) This argument is not unpersuasive. However, at this early stage and on this limited record, the court finds

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:26-cv-00465-FWS-SSC | Date: February 5, 2026 |
| Title: Rajat Rajat v. Warden of the Desert View Facility *et al.* | |

Petitioner has not adequately demonstrated that immediate release is appropriate. Rather, consistent with this court's prior orders, the court will order Petitioner's release *if* he is not afforded a timely bond hearing. *See, e.g.*, *Ana Maria Gaviria Lora*, 2026 WL 127608, at *4; *Engonga*, 2025 WL 3764077, at *3-4; *Ajqui*, 2025 WL 4058281, at *6. **Nothing in this order shall be read to preclude issuance of the relief Petitioner seeks in the Motion at a later stage of the proceedings.**

### IV. Disposition

For the foregoing reasons, the Motion is **GRANTED IN SUBSTANTIAL PART**. The court **ORDERS** that Respondents are **ENJOINED** from continuing to detain Petitioner unless Petitioner is provided an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) on or before **February 12, 2026, at 9:00 a.m.** If Petitioner is not provided a bond hearing in accordance with this Order, Respondents are **ORDERED** to release Petitioner from custody on or before **February 12, 2026, at 5:00 p.m.** In addition, the court's previous order that Petitioner shall not be removed or relocated from the Central District of California pending further order of court remains in full force and effect. (Dkt. 6.)

Respondents are further **ORDERED** to show cause in writing on or before **February 16, 2026,** as to why the court should not issue a preliminary injunction in this case. Petitioner may file a response on or before **February 19, 2026**. The court schedules an in-person hearing on whether a preliminary injunction should issue on **February 25, 2026, at 10:00 a.m., in Courtroom 10D.**

**IT IS SO ORDERED.**